1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5                            OAKLAND DIVISION

6

7    HECTOR ARMANDO RODRIGUEZ,

8                    Petitioner,              No. C 06-7462 PJH (PR)

9        vs.                                  **ORDER TO SHOW CAUSE**

10   DERRAL ADAMAS, Warden,

11                    Respondent.

12   _____/

13          This is a habeas case filed pro se by a state prisoner.  Respondent's motion to

14   dismiss the petition as mixed was granted.  The court ordered petitioner to elect among the

15   three choices available to petitioners whose petition is mixed, but he appeared not to

16   respond, so the case was dismissed.  Petitioner moved to reopen and established that he

17   had in fact responded within the time allowed, but for reasons unknown the response had

18   failed to reach the docket.  The motion to reopen was granted and petitioner was ordered to

19   file an amended petition reflecting his election to proceed with the exhausted issue.  He has

20   done so.

21          As grounds for habeas relief, petitioner alleges that in Contra Costa County the

22   Public Defender's Office and the Alternative Defender's Office do not maintain adequate

23   separation, so his right to conflict-free counsel was violated.  This claim is sufficient to

24   proceed.

25                              **CONCLUSION**

26          1.  The clerk shall serve by regular mail a copy of this order and the petition and all

27   attachments thereto on respondent and respondent's attorney, the Attorney General of the

28   State of California.  The clerk also shall serve a copy of this order on petitioner.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

2.  Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  April 14, 2010.                      _____
                                                          PHYLLIS J. HAMILTON
                                                          United States District Judge

P:\PRO-SE\PJH\HC.06\RODRIGUEZ,H462.OSC-reopened.wpd